# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

  v.

**JAMES CHRIS COLASANTI,**

    Defendant/Petitioner.

No. 6:96-cr-60132-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Petitioner, James Chris Colasanti, is currently serving a 188-month sentence imposed pursuant to § 4B1.2(a)(2) of the United States Sentencing Guidelines ("Guidelines").[1] On June 23, 2016, he filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255, arguing that the principles set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015), render the language found in the mandatory Guidelines provision governing his sentence constitutionally deficient. The Government has since moved to dismiss his motion. Because the court in *Johnson* did not recognize a new right that would apply to the language of the mandatory Guidelines, Petitioner's motion is DENIED as untimely. The Government's motion is GRANTED.

## BACKGROUND

In 1996, Petitioner pled guilty to three counts of federal unarmed bank robbery in violation of 18 U.S.C. § 2113(a). J. and Commitment 1. The presentence report determined that, under the then-mandatory Guidelines, his bank robbery offense and two prior convictions for California robbery qualified as "crimes of violence" pursuant to § 4B1.2(a)(2) and that he was a

---

[1] When Petitioner was sentenced in 1997, the Guidelines were still mandatory. *See United States v. Booker*, 543 U.S. 220 (2005).

Career Offender under § 4B1.1. Presentence Report ¶ 53. The district court applied the Career Offender enhancement and sentenced Petitioner to 188 months' imprisonment—the upper end of his mandatory 151 to 188-month Guidelines range. J. and Commitment 1. Without the career offender finding, Petitioner's range would have been 120 to 150 months. Presentence Report ¶ 52. Petitioner is currently serving his sentence in federal prison and has a projected release date of November 3, 2017. Mem. in Supp. of Def.'s Mot. to Vacate or Correct Sentence 3.

Petitioner now moves the Court to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Def.'s Mot. to Vacate or Correct Sentence 1. He contends that when the Supreme Court struck down the residual clause of the Armed Career Criminals Act ("ACCA") as void for vagueness in *Johnson*, it recognized a new right retroactively applicable to sentences imposed under the identically-worded residual clause of the mandatory Guidelines. *Id.* at 3-4. Applying this right to the Guidelines, he argues that the residual clause is now deemed unconstitutionally vague and, as such, his Career Offender designation violates his due process rights. *Id.* Without the residual clause, he maintains, his convictions for federal bank robbery and California robbery no longer qualify as crimes of violence under § 4B1.2(a) and the protections of § 2255 entitle him to relief from his classification as a Career Offender. *Id.* at 5.

The Government opposes Petitioner's motion and seeks its dismissal on two grounds. Gov't Mot. to Dismiss and Answer 3-5. First, it contends that the right recognized in *Johnson* does not apply to the residual clause of the mandatory Guidelines. *Id.* at 3. Instead, *Johnson* is limited to sentences imposed under the ACCA. *Id.* Second, the Government argues that, even if there is a "colorable argument" that *Johnson* does apply to the mandatory Guidelines, the residual clause is still constitutional as applied to the facts of this case. *Id.* at 4-5. In particular, it asserts that the due process concerns animating the Supreme Court's decision in *Johnson* are

absent because robbery is explicitly named as a crime of violence in the application note to the Career Offender provision. *Id.*

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner may move to have his sentence vacated or corrected if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion pursuant to § 2255 must be filed within one year from the date on which a petitioner's conviction becomes final, unless an exception applies. *Id.* § 2255(f)(1). Petitioner relies on the exception at § 2255(f)(3) to render his motion timely. Def.'s Mot. to Vacate or Correct Sentence 5. Under § 2255(f)(3), a petitioner's motion is timely if (1) it "assert[s] . . . [a] right . . . newly recognized by the Supreme Court," *id.* § 2255(f)(3), (2) it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court," *id.* § 2255(f)(3), and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review, *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). As both the text of § 2255(f)(3) and Supreme Court precedent make clear, only the Supreme Court may "recognize" a new right under § 2255(f)(3). *Dodd*, 545 U.S. at 357-59.

The present case turns most immediately on whether the right recognized by the Supreme Court in *Johnson* is the same one asserted by Petitioner. If the Supreme Court has yet to recognize the asserted right, then Petitioner's motion is time barred by § 2255(f)(1). If, however, *Johnson* did recognize the asserted right, then Petitioner's claim is timely under § 2255(f)(3) and he must be resentenced unless the Guidelines' residual clause, as applied in this case, can survive constitutional scrutiny under *Johnson* or, in the alternative, his Career Offender designation finds support in another provision of § 4B1.2. Although the Court finds that Petitioner's motion is time barred under § 2255(f)(1), it further concludes that, even if *Johnson* did recognize an

applicable right within the meaning of § 2255(f)(3), that right, as applied in this case, would not render his Guidelines sentence unconstitutional.

**I. Petitioner's Motion is Time Barred.**

   A. <u>The Court May *Sua Sponte* Consider the Timeliness of Petitioner's Motion</u>.

As a threshold matter, Petitioner asserts that, in failing to raise the issue in any pleading, the Government has waived its right to challenge the timeliness of his motion.[2]

In general, a party waives any affirmative defense, such as a statute of limitations, not raised in its first responsive pleading. *See* Fed. R. Civ. P. 8(c); *see also Day v. McDonough*, 547 U.S. 198, 207-09 (2006); *Morrison v. Mahoney*, 399 F.3d 1042, 1046-47 (9th Cir. 2005). This general rule, however, is subject to exceptions. In the Ninth Circuit, for example, a party may raise an affirmative defense after an initial pleading if the other party is not prejudiced. *See Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). The Supreme Court has also held that, in the context of federal habeas petitions, a district court may "consider, *sua sponte*, the timeliness" of a petition if the parties are given "fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 207-09; *see also Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015) (extending *Day* to § 2255 context).

Without parsing the ambiguous language of the Government's pleading, the Court believes it is appropriate and fair to *sua sponte* consider the timeliness of Petitioner's motion. Petitioner was given a full opportunity to argue timeliness at oral arguments, and was

---

[2] Motions pursuant to § 2255 are governed by both the Federal Rules of Civil Procedure ("Federal Rules") and the Rules Governing Section 2255 Cases ("2255 Rules"). *See* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in . . . the Rules Governing Section 2255 Cases . . . ."). Specifically, Rule 12 of the latter makes the Federal Rules applicable to § 2255 petitions "to the extent they are not inconsistent with" the 2255 Rules. R. Governing Section 2255 Cases 12; *see also Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Since the 2255 Rules make not mention of affirmative defenses or waiver, the Federal Rules govern this particular issue.

subsequently given notice and granted leave to file supplemental pleadings on the matter of timeliness. He cannot now claim to be prejudiced.

      B. <u>The Right Recognized by *Johnson* is Not the Right Asserted by Petitioner</u>.

As noted above, the determinative issue in this case is whether *Johnson* recognized the specific right "asserted" by Petitioner. 28 U.S.C. § 2255(f)(3). It is clear, and the parties agree, that the Supreme Court's recent opinion in *Beckles v. United States*, 137 S. Ct. 886 (2017), does not directly control this question. In *Beckles*, the Supreme Court clarified that the pre-*Booker* advisory Guidelines, including the residual clause of § 4B1.2(a)(2), "are not subject to vagueness challenges under the Due Process Clause." 137 S. Ct. at 890. In so doing, the Court repeatedly and explicitly emphasized that its holding was limited to the *advisory* sentencing regime. *See id.* at 890, 892, 894, 895, 896, 897; *see also id.* at 903 n.4 (Sotomayor, J., concurring in judgment) (noting that the majority opinion "leaves open" the question of whether the mandatory Guidelines are subject to void-for-vagueness challenges). Whereas the ACCA "fix[es] the permissible range of sentences," it reasoned, the advisory Guidelines "merely guide the exercise of the court's discretion." *Id.* at 892. The pre-*Booker* sentencing Guidelines, the Court thus concluded, "do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 894-95.

Nevertheless, a finding that *Beckles* does not, by its terms, *foreclose* this Court from reading *Johnson* as recognizing the right asserted by Petitioner does not resolve whether *Johnson* did, in fact, recognize such a right. *See United States v. Castaneda*, 91-00582-AK, 2017 WL 3448192, at *2 (C.D. Cal. June 19, 2017) (Kozinski, J., sitting by designation) (explaining that, although "*Beckles* does not preclude [petitioners] from arguing that the mandatory Guidelines are subject to . . . *Johnson*," it also does not end the analysis). That inquiry depends on how one defines what qualifies as a newly recognized right. *See United States v. Autrey*, No. 1:99–cr–

467, 2017 WL 2646287, at *3 (E.D. Va. June 19, 2017) ("[E]mbedded in the parties' dispute on timeliness is a question about the meaning of the term 'right' as used in § 2255(f)(3)."); *Mitchell v. United States*, No. 3:00-CR-00014, 2017 WL 2275092, at *3 (W.D. Va. May 24, 2017) (framing the parties' dispute as turning on "the meaning of 'right' under § 2255(f)(3) and its application to *Johnson*"). While the Supreme Court has yet to provide clear guidance on what qualifies as a newly recognized right, lower courts have adopted two contrasting approaches.

First, a newly recognized right could be limited to the "narrow rule announced in a Supreme Court case." *Autrey*, 2017 WL 2646287, at *3. Under this view, the right recognized by *Johnson* is limited to its specific holding: that the ACCA's residual clause is unconstitutionally vague. *See, e.g.*, *Davis v. United States*, No. 16-C-747, 2017 WL 3129791, at *5 (E.D. Wis. July 21, 2017) ("The only right recognized in Johnson was established in its holding."). By asking lower courts to invalidate the mandatory Guidelines' residual clause, petitioners are impermissibly requesting that these courts recognize a right not established by the narrow holding in *Johnson*. *See, e.g.*, *Raybon v. United States*, No. 16-2522, 2017 WL 3470389, at *3 (6th Cir. Aug. 14, 2017) ("[Petitioner's] untimely motion cannot be saved under § 2255(f)(3) because he is asking for the recognition of a new right by this court.") (internal quotation marks and citation omitted); *Hirano v. United States*, No. 16-00686 ACK, 2017 WL 2661629, at *7 (D. Haw. June 20, 2017) ("[T]he Court is not persuaded by Petitioner's argument that his claim requires only a simple application, rather than an extension, of *Johnson*.").

A second approach is the broad approach that Petitioner would have the Court adopt. Under the broad approach, a newly recognized right could include, or flow from, the *principles* announced in a Supreme Court case. Under this view, a right is "more analogous to the reasoning of a case." *Mitchell*, 2017 WL 2275092, at *3. For example, the right recognized in

*Johnson* "could be the fundamental prohibition against unconstitutional vagueness in criminal [directives]," *Autrey*, 2017 WL 2646287, at *3, or "that no individual could face a fixed criminal sentence on the basis of vague language identical to that in the residual clause of the ACCA," *Mitchell*, 2017 WL 2275092, at *3. Employing this broader construction, the right recognized by the Supreme Court in *Johnson*, at least when considered in the context of its decisions in *Booker* and *Beckles*, is flexible enough to encompass the identically-worded residual clause of the mandatory Guidelines. *See, e.g.*, *Sarracino v. United States*, No. 16-734 MCA/CG, 2017 WL 3098262, at *7 (D.N.M. June 26, 2017). ("Considering *Johnson*, *Beckles*, and *Booker*, the Court finds *Johnson* applies to the mandatory Guidelines.").

This second approach is the one adopted, at least implicitly, by the handful of district courts to have found that the right recognized by *Johnson* does extend to the mandatory Guidelines.[3] *See United States v. Mock*, No. 2:02-CR-0102-RHW, 2017 WL 2727095 (E.D. Wash. July 5, 2017); *United States v. Savage*, 231 F. Supp. 3d 542 (C.D. Cal. 2017) (pre-*Beckles*); *United States v. Tunstall*, No. 3:00-cr-050, 2017 WL 2619336 (S.D. Ohio June 16, 2017) (magistrate report and recommendations); *Reid v. United States*, No. 03–CR–30031–MAP, 2017 WL 2221188 (D. Mass. May 18, 2017); *cf.* C*astaneda*, 2017 WL 3448192 (adopting a principles-based approach, but still finding that *Johnson* did not recognize the right asserted by petitioner). It is also the approach employed by Chief Judge Gregory of the Fourth Circuit in his dissent from the court's decision in *United States v. Brown*, No. 16-7056, 2017 WL 3585073

---

[3] The First, Second, Third, Fourth, Sixth, and Tenth Circuits have also granted petitioners leave to file second or successive petitions challenging their mandatory-Guideline sentences based on the right recognized in *Johnson*. *See United States v. Moore*, No. 16-1612, 207 WL 4021654 (1st Cir. Sept. 13, 2017); *In re Hoffner*, No. 15-2883, 2017 WL 3908880 (3rd Cir. Sept. 7, 2017); *Vargas v. United States*, No. 16-2112 (2d Cir. May 8, 2017); *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) (pre-*Brown*); *In re Patrick*, 833 F.3d 584 (6th Cir. 2016) (pre-*Beckles*); *In re Encinias*, 821 F.3d 1224 (10th Cir. 2016) (same). These cases provide little guidance here, however, since the filing of a second or successive petition under § 2255(h)(2) is permitted upon a mere showing of "possible merit"—a relatively easy bar to clear. 825 F.3d at 232; *see also Cooper v. Brown*, 510 F.3d 870, 917-18 (9th Cir. 2007) (holding that the Ninth Circuit only requires a "prima facie showing" of compliance with § 2255 and not "actual[ ] . . . satisf[action]" of the statutory requirements).

(4th Cir. Aug. 21, 2017). "A newly recognized right," Judge Gregory explained, "is more sensibly read to include the reasoning and principles that explain it." 2017 WL 3585073, at *13. Applying that reasoning to *Johnson*, he argued that, because the mandatory-Guidelines' residual clause "is identical in text to the ACCA's . . . , enhancements under both clauses were applied using the categorical approach, and the clauses were similarly used to fix . . . applicable sentencing ranges," the petitioner could "rely on the right set forth in *Johnson*." *Id.* at *22.

The Court is persuaded that the narrow approach governs. First, most district courts to have considered the issue, including five within the Ninth Circuit, have employed the narrow approach and held that *Johnson* does not recognize the right to have a sentence calculated without reference to the pre-*Booker* residual clause of § 4B1.2(a)(2). *See, e.g.*, *United States v. Vidrine*, No. 2:95-cr-482, 2017 WL 3822651 (E.D. Cal. Sept. 1, 2017); *United States v. Garcia-Cruz*, No. 96-cr-1908, 2017 WL 3269231 (S.D. Cal. Aug. 1, 2017); *United States v. Beraldo*, No. 3:03-cr-00511, 2017 WL 2888565 (D. Or. July 5, 2017); *Hirano*, 2017 WL 2661629; *Hodges v. United States*, No. C16-1521, 2017 WL 1652967 (W.D. Wash. May 2, 2017); *Davis v. United States*, No. 16-C-747, 2017 WL 3129791 (E.D. Wis. July 21, 2017); *Autrey*, 2017 WL 2646287; *Mitchell*, 2017 WL 2275092. In addition, the only two Courts of Appeals to have considered the issue—the Fourth and Sixth Circuits—have both adopted the same view. *See Brown*, 2017 WL 3585073; *Raybon*, 2017 WL 3470389; *see also United States v. Miller*, No. 16-2229, 2017 WL 3658833 (10th Cir. Aug. 25, 2017) (dismissing on the merits of petitioner's due process claim).

Significantly, in *Beckles*, Justice Sotomayor wrote separately to note, inter alia, that the Supreme Court had yet to take a position on whether the mandatory Guidelines are subject to vagueness challenges. 137 S. Ct. at 903. "The Court's . . . formalistic distinction between mandatory and advisory rules," she explained, "*at least leaves open* the question whether

defendants sentenced [prior to *Booker*] may mount vagueness attacks on their sentences." *Id.* at 903 n.4 (emphasis added) (citation omitted). That question, she continued, "is not presented by this case and I, like the majority, take no position on its appropriate resolution." *Id.* Importantly, as the Fourth Circuit observed in *Brown*, "[i]f the Supreme Court left open the question of whether Petitioner's asserted right exists, [then] the Supreme Court has not 'recognized' that right." 2017 WL 3585073, at *9. Indeed, it is difficult to reconcile both Justice Sotomayor's concurrence and Petitioner's acknowledgment that the majority in *Beckles* deliberately avoided any discussion of the mandatory Guidelines, with his contention that *Johnson*, decided two years earlier, definitively recognized that same right. *See, e.g., United States v. Torres*, CV 16-645 LH/WPL, 2017 WL 3052974, at *3 (D.N.M. June 20, 2017) ("Attempting to reconcile these two concepts . . . reveals that [Petitioner's] motion should be denied.").[4]

     Finally, the narrower approach is further supported by the Supreme Court's consistently conservative and literal reading of § 2255. In *Tyler v. Cain*, 533 U.S. 656 (2001), for example, the Court adopted a narrow construction of the procedural language in § 2255(h)(2). It held that the term "made" in the phrase "made retroactive . . . by the Supreme Court," means "held" retroactive by the Supreme Court. 533 U.S. at 663. The appellant, much as Petitioner does here with the phrase "right . . . newly recognized by the Supreme Court," argued that "made" included the lower courts' "application of . . . principles" established by the Supreme Court. *Id.* The Court emphatically rejected this argument, emphasizing that the statutory text vests it, and no other court, with the ability to make a right retroactive. *Id.* This meant that a right could not apply retroactively unless the Supreme Court had unequivocally made it so. "[E]ven if we

---

[4] As discussed in Part II, *infra*, it is also difficult to give precise contours to the right allegedly recognized in *Johnson*—does it invalidate the residual clause on its face or only as applied—and it is doubtful whether it would invalidate the residual clause as applied to the robbery charges in the present case because there are material differences between the ACCA and Guidelines as applied to robbery.

disagreed with the legislative decision to establish stringent procedural requirements," it concluded, "we do not have license to question the decision on policy grounds." *Id.* at n.5.

Similarly, in *Dodd*, the Supreme Court narrowly interpreted § 2255(f)(3) to require that the one-year statute of limitations begin running as soon as the Supreme Court recognizes a new right and not when that right is made retroactive. 545 U.S. at 357-58. This was true, the Court maintained, even though another court might fail to make a right retroactive within the one-year period. *Id.* at 359. As noted by the dissent, the text is susceptible to a broader, more intuitive reading, wherein the one-year period commences only upon the right being made retroactive. *Id.* at 364 (Stevens, J., dissenting). The majority rejected this view, however, conceding that although its reading could produce "harsh results in some cases," it was "required" by the plain language. *Id.* at 359. "[W]e must presume," the Court concluded, "that [the] legislature says in a statute what it means and means in a statute what it says there." *Id.* 357 (alteration in original) (quotation marks and citation omitted). In much the same vein, despite any disagreements this Court may have with the onerous procedural requirements established by § 2255, it "does not have license to question" those requirements "on policy grounds." *Tyler*, 533 U.S. at 663 n.5.

C. <u>The Phrases "New Right" and "New Rule" Are Not Interchangeable</u>.

In his supplemental brief, Petitioner raises a potential third approach to defining what qualifies as a newly recognized right. Def.'s Supp. Br. 3-8. He argues that the phrase "new right" is interchangeable with the phrase "new rule" as used in § 2255(h)(2) and the retroactivity analysis of *Teague v. Lane*, 489 U.S. 288 (1989). *Id.* at 3. This interpretation finds support in a handful of cases outside of the Ninth Circuit.[5] *See, e.g.*, *United States v. Morgan*, 845 F.3d 664,

---

[5] Although Petitioner suggests that "every circuit to have addressed the issue"—five in total—has adopted the "new rule" analysis, the law in these circuits appears to be less settled than he suggests. Def's Supp. Br. 3 n.1. In the Fourth Circuit, for example, where the "new rule" analysis allegedly governs, the *Brown* court declined to follow that analysis as recently as last month when it found a petitioner's § 2255 motion untimely under an analogous set of

667-68 (5th Cir. 2017); *Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016); *Butterworth v. United States*, 775 F.3d 459, 464-65 (1st Cir. 2015). Under this view, a case recognizes a new rule (i.e., a new right) if the result is "not dictated by precedent." *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) (quotation marks and citation omitted). A rule is not dictated by precedent if it is "susceptible to debate among reasonable minds," *Butler v. McKellar*, 494 U.S. 407, 415 (1990), and not "apparent to all reasonable jurists," *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quotation marks and citation omitted). Although a case "does not announce a new rule when it is merely an application of the principle that governed a prior decision," it must be an uncontroversial, or "garden variety," application. *Id.* at 1107.

The Court declines to adopt this approach. First, the plain language of § 2255 suggests that a "new rule" is distinct from a "new right." *See Maslenjak v. United States*, 137 S. Ct. 1918, 1924 (2017) ("We begin, as usual, with the statutory text."). The allegedly interchangeable language comes from textually adjacent parts of the same statute. *Compare* 28 U.S.C. § 2255(f)(3) (requiring a § 2255 petition within one year of a "*right* . . . newly recognized by the Supreme Court") (emphasis added) *with* 28 U.S.C. § 2255(h)(2) (requiring a second or successive § 2255 petition to contain "a new *rule* of constitutional law") (emphasis added) *and* 28 U.S.C. § 2254 (e)(2)(A)(i) (allowing an evidentiary hearing if petitioner's claim is premised on "a new *rule* of constitutional law") (emphasis added). Importantly, where provisions of the same statute use different terms, it is presumed "that the enacting legislature meant those terms to have at least slightly different meanings." Caleb Nelson, *Statutory Interpretation* 88 (2011). Surely Congress intended that these distinctly-worded provisions—located mere lines apart— would carry different meanings. *Cf. United States v. Cuong Gia Le*, 206 F. Supp. 3d 1134, 1141

---

facts. 2017 WL 3585073, at *9. And in *Headbird*, a case out of the Eight Circuit, it was the parties that agreed to use the "new rule" analysis, and the court thus did not give the issue extensive treatment. 813 F.3d at 1095 ("We see no reason to dispute the joint position of the parties.").

(E.D. Va. 2016) ("[B]ecause Congress employed the term 'rule' . . . in other provisions of the AEDPA, there is good reason to think the term 'right' in § 2255(f)(3) means something else.").

Second, the legal and political context within which § 2255(f) was enacted further suggests that the two phrases have different meanings. When AEDPA was drafted in 1996, it was against a backdrop of pre-existing habeas doctrine, including *Teague v. Lane*, 489 U.S. 288 (1989). In *Teague*, the Supreme Court severely limited the circumstances under which a case announcing a "new rule" could be applied retroactively on collateral review. 489 U.S. at 301. As another district court recently observed, "there can be no doubt that Congress was aware of the *Teague* framework when it enacted AEDPA in 1996," not only because *Teague* was the leading case on retroactivity, but because it interprets the very statutory scheme amended by AEDPA and its retroactivity principles are referenced in AEDPA's legislative history. *Cuong Gia Le*, 206 F. Supp. 3d at 1140 (citing H.R. Rep. 104-23, 1995 WL 56412, at *9 (Feb. 8, 1995)). In turn, the choice to adopt the "new rule" language of *Teague* in some parts of AEDPA, such as § 2255(h)(2) and § 2254(e)(2)(A)(i), but to omit it in § 2255(f)(3), strongly suggests that Congress intended the phrases to have different meanings and that it deliberately deviated from the *Teague* framework in its use of the term "right." *See id.* at 1141.

Finally, most district courts to have analyzed the timeliness issue post-*Beckles*, as well as every Court of Appeals, have declined to adopt the "new rule" approach. Indeed, none of the mandatory Guidelines-specific district court cases cited by Petitioner in support of his timeliness argument applied that approach. *See* Def's Supp. Br. 11 (citing *Reid*, 2017 WL 2221188, at *3-4 (applying the principles and reasoning approach); *Sarracino*, 2017 WL 3098262, at *2-3 (same); *Mock*, 2017 WL 2727095, at *3-4 (same); *United States v. Long*, No. 2:16-cv-00464 (C.D. Cal. Sept. 15, 2017) (slip op. at 3) (taking no position); *United States v. Parks*, No. 16-cv-01565,

2017 WL 3732078, at *11-12 (confusing the issues of timeliness and retroactivity and thus taking no position)). Among post-*Beckles* cases, the Court can find only four opinions applying the new rule analysis. *See United States v. Lowrey*, CV-16-1808, 2017 WL 2348285, at *10-11 (D. Ariz. May 3, 2017) (using the phrase "new rule"); *Autrey*, 2017 WL 2646287, at *3 ("[T]he term 'right' in § 2255(f)(3) is properly interpreted as analogous to a 'new rule' in the *Teague* context."); *Mitchell*, 2017 WL 2275092, at *3 ("[A] right under § 2255(f)(3) must be analogous to a 'new rule' under *Teague*."); *United States v. Russo*, 8:03CR413, 2017 WL 1533380, at *3 (D. Neb. Apr. 27, 2017) ("To determine whether a right has been newly recognized . . . we must inquire whether the Supreme Court announced a 'new rule' within the meaning of the Court's jurisprudence governing retroactivity for cases on collateral review.") (citations omitted)). The weight of relevant authority thus goes against adopting this third analytical framework.[6]

### II. Even if Petitioner's Motion Were Timely, His Sentence is Not Unconstitutional.

The Court is also not convinced that, even if it concluded that *Johnson* applies to the mandatory Guidelines, Petitioner's sentence would violate his due process rights. That is, regardless of any finding that *Johnson* recognized an applicable right for purposes of the statute of limitations in § 2255(f)(3), it is doubtful whether that new right would afford Petitioner relief on the facts of his case. *See* 28 U.S.C. § 2255(a) (authorizing relief for a prisoner only if his sentence was "imposed in violation of the Constitution or laws of the United States"). The answer to that question depends on how one describes the effect of *Johnson* on the mandatory Guidelines: is the residual clause invalid on its face or only as applied? If the residual clause is

---

[6] Moreover, even among those post-*Beckles* courts actually applying the "new rule" approach to the mandatory Guidelines, all but one has concluded that, to render a petitioner's motion timely under § 2255(f)(3), it *would* be required to recognize a new rule. *Compare Autrey*, 2017 WL 2646287, at *4 ("[T]o conclude here that *Johnson* extends to and invalidates § 4B1.2's residual clause is to recognize a 'new' rule."); *Mitchell*, 2017 WL 2275092, at *5 (holding that petitioner sought a "new rule" because *Johnson* "does not dictate that the residual clause of the mandatory Sentencing Guidelines was unconstitutional"); *Russo*, 2017 WL 1533380, at *4 (holding that petitioner's motion failed because it required the court to "create a new rule"); *with Lowery*, 2017 WL 2348285, at *11 ("[T]he application of [*Johnson*'s] holding to other uses of the same [residual] language does not require a new rule.").

facially invalid, then any sentence imposed under the residual clause would be per se unconstitutional. However, if *Johnson* only stands for the proposition that the mandatory Guidelines' residual clause is subject to as-applied vagueness challenges, then the Court must determine whether Petitioner's due process rights have been violated in the present case.[7]

Petitioner argues that, if this Court concedes *Johnson*'s applicability to the mandatory Guidelines, then it must also find that the residual clause is facially invalid because the identically-worded residual clause of the ACCA was facially invalidated in *Johnson*. Def.'s Reply Br. 6-10. This argument is a stretch given that neither the holding nor dicta in *Johnson* ever discuss the sentencing Guidelines. *But see* 135 S. C.t at 2557, 2560 (referencing four Guidelines cases as part of a general discussion of the residual clause language). More importantly, however, this argument misconstrues the Supreme Court's reasoning in *Johnson*. The Court held that the residual clause was facially invalid despite the fact that some conduct might "clearly fall[ ] within the provision's grasp." 135 S. Ct. at 2561. No easy cases could save the otherwise defective language. This pronouncement, Petitioner contends, means that, like the unconstitutional provision in the ACCA, the residual clause in the mandatory Guidelines cannot be saved by its straightforward application to robbery. This is wrong for two reasons.

First, the ACCA did not include commentary. As the majority in *Johnson* effectively illustrated, virtually every application of the ACCA residual clause, unlike that contained in the mandatory Guidelines, could be contested. *See* 135 S. Ct. at 2560 ("[M]any of the cases the . . . dissent deem easy turn out not to be so easy after all."). *Johnson* left untouched the enumerated felonies clause of § 4B1.2, the ACCA feature most analogous to the commentary. Petitioner

---

[7] This uncertainty about the precise relevance of *Johnson* to the case at bar only serves to reinforce the Court's conclusion in Part I: if the *Johnson* court "recognized" a new right retroactively applicable to the mandatory Guidelines on collateral review, then why have lower courts consistently struggled to describe the actual scope and substance of that right?

does not contend, nor could he, that the enumerated felonies clause is void for vagueness. Since the Supreme Court has clearly held that the commentary to the mandatory Guidelines is authoritative, *Stinson v. United States*, 508 U.S. 36, 38 (1993), and the commentary thus functions in the same manner as the valid enumerated felonies clause of the ACCA, *Johnson* almost surely does not render the residual clause facially invalid.

As applied to Petitioner's robbery convictions, the residual clause is constitutional because robbery is named as a crime of violence in the commentary. *See* U.S.S.G. § 4B1.2, app. n.2 (1995) ("Crime of violence includes . . . robbery."). The only court within the Ninth Circuit to have addressed this issue upheld the residual clause on that basis. In *Castaneda*, Judge Alex Kozinski, sitting by designation in the Central District of California, rejected a virtually identical as-applied challenge to a conviction for federal armed bank robbery. 2017 WL 3448192, at 1*-2. Judge Kozinski explained that the *Johnson* court's overriding concerns about adequate notice and arbitrary enforcement are not implicated in the context of a robbery conviction. *Id.* at *1-2. This is so, he wrote, because "robbery is explicitly named as a crime of violence in the application note to the career offender guideline." *Id.* at *2. Since "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative," *id.* (quoting *Stinson*, 508 U.S. at 38), and "Ninth Circuit precedent at the time established that federal robbery and California robbery were crimes of violence under the then-existing Guidelines," *id.* (citing *United States v. McDougherty*, 920 F.2d 569, 573-73 (9th Cir. 1990) and *United States v. Selfa*, 918 F.2d 749, 751-52 (9th Cir. 1990)), the petitioner "had plenty of notice," *id*.

Justices Ginsburg and Sotomayor relied on an identical analysis in their *Beckles* concurrences. In *Beckles*, the defendant's predicate crime—possessing a sawed-off shotgun as a felon—was also explicitly named in the commentary accompanying the Guidelines' residual

clause. *See* U.S.S.G. § 4B1.2(a), app. n.1 (2006) ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) is a crime of violence") (internal quotation marks omitted). Justice Ginsburg maintained that the defendant could not make a void for vagueness challenge because his conduct was clearly prescribed by the commentary. *Beckles*, 137 S. Ct. at 898 (Ginsburg, J., concurring in the judgment). Since the Guidelines' commentary is "authoritative," she explained, the defendant "cannot . . . claim that § 4B1.2(a) was vague as applied to him [nor] . . . as applied to the conduct of others." *Id.* (citing *Stinson*, 508 U.S. at 38 and *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010)). As Justice Sotomayor added, *Johnson* "affords Beckles no relief because the commentary under which was sentenced was not unconstitutionally vague." *Id.* (Sotomayor, J., concurring in the judgment); *see also United States v. Miller*, No. 16-2229, 2017 WL 3658833, at *4-6 (10th Cir. Aug. 25, 2017) (denying petitioner's § 2255 motion on the merits while citing and relying on the exact same analysis as Justice Ginsburg, Justice Sotomayor, and Judge Kozinski).

Petitioner counters that if the residual clause, standing on its own, would be unconstitutional, then the commentary must be voided as well. Def.'s Reply Br. 9-10. He rightly observes that the commentary has no freestanding authority and thus cannot, absent the anchoring text of the residual clause, form the basis of his Career Offender designation. *Stinson*, 508 U.S. at 38, 45; *see also United States v. Landa*, 642 F.3d 833, 836 (9th Cir. 2011) (holding that when a "conflict exists between the text and the commentary . . . the text of the guidelines governs"). He wrongly suggests, however, that the Court must first excise the residual clause, and then consider the application note. Def.'s Reply Br. 9-10. As Justice Ginsburg explained in *Beckles*, "excising the problematic provision *first* and considering the illustrative language *second* flip[s] the normal order of operations in adjudicating vagueness challenges." 137 S. Ct.

at 897 n.* (Ginsburg, J., concurring in the judgment); *see also Castaneda*, 2017 WL 3448192, at *2 (making the same point). To the contrary, the Supreme Court has "routinely rejected, in a variety of contexts, vagueness claims where a clarifying construction rendered an otherwise enigmatic provision clear as applied to the challenger." 137 S. Ct. at 897 n.* (Ginsburg, J., concurring in the judgment) (citations omitted); *see also Castaneda*, 2017 WL 3448192, at *2 ("Clarifying constructions save otherwise vague statutes from vagueness challenges.") (citing *Bell v. Cone*, 543 U.S. 447, 453-60 (2005); *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 500-02 (1982)). Thus, even if Petitioner satisfied the requirements of § 2255(f)(3), the Court is not persuaded that, as applied here, the Guidelines' residual clause is unconstitutional.

### III. Petitioner is Entitled to a Certificate of Appealability.

The Court must lastly consider whether to issue Petitioner a certificate of appealability. *See* R. Governing Section 2255 Cases 11 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability is warranted when "reasonable jurists could debate the district court's resolution." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). This standard "requires something more than the absence of frivolity but something less than a merits determination." *Id.* While the Court believes that its conclusions are supported by both law and fact, the unsettled and contested nature of *Johnson*'s significance to the mandatory Guidelines is such that reasonable jurists could debate their merit. A certificate of appealability is therefore warranted.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate or correct his sentence under 28 U.S.C. § 2255 is DENIED and the Government's motion to dismiss is GRANTED.

It is so ORDERED and DATED this 26th day of September, 2017.

                                         s/Michael J. McShane
                                         Michael J. McShane
                                         United States District Judge